Randall and Helen Henry v. Commissioner.
Henry v. Commissioner
Docket No. 1082-70 SC.
United States Tax Court
T.C. Memo 1971-50; 1971 Tax Ct. Memo LEXIS 282; 30 T.C.M. (CCH) 224; T.C.M. (RIA) 71050; March 24, 1971, Filed. *282 Frank J. Gavin, Jr., for the petitioners. J. Edward Friedland, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1968 in the amount of $446.13. The issues presented relate to the amount of deductions to which the petitioners are entitled on account of medical expenses, cost of uniforms, and taxes. Findings of Fact Some of the facts were stipulated and the stipulations are incorporated herein by reference. The petitioners, husband and wife, resided in Shaker Heights, Ohio, at the time of filing the petition herein. They filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue at Cleveland, Ohio. During the year 1968 the petitioner Helen Henry was employed as a nurse at a hospital in Cleveland where she worked 5 days per week. The petitioner Randall Henry, during the taxable year 1968, and for many years prior thereto, was employed by a steel company as a machine operator. In their income tax return for the taxable year 1968 the petitioners claimed a medical expense deduction of $751.54, the full amount *283 of which was disallowed by the respondent in computing the deficiency. The medical expenses claimed by the petitioners consisted of amounts for prescription drugs, doctors' fees, hosptial bills, and optical costs. The parties have stipulated as to the unreimburs amounts expended for prescription drugs and unreimbursed amounts paid to certain doctors and certain hospitals. In addition to the stipulated amounts, the 225 petitioners expended in the taxable year 1968 the amount of $328 for doctor bills and optical expenses of $50 which were not reimbursed. In their return for the taxable year 1968 the petitioners claimed as a deduction an amount of $175 as cost of the husband's safety equipment and work gloves, an amount of $364 as cost of the wife's uniforms and cost of laundering the same, and an amount of $249 as cost of the wife's white shoes and stockings. The respondent in the notice of deficiency disallowed these deductions. In connection with his work, the petitioner Randall Henry was required to wear special shoes and gloves as safety equipment. During the taxable year 1968 he expended as much as $175 for such equipment for which he was not reimbursed by his employer. *284 The petitioner Helen Henry, in her position as a full-time nurse, was required to have a clean, neatly laundered uniform each day. During the taxable year 1968 she expended the amount of $350 for replacing uniforms and for laundering uniforms. She was also required to wear white shoes and stockings. During the taxable year 1968 she expended $222.80 in purchasing white shoes and stockings for replacement of those worn out. In their income tax return for the taxable year 1968 the petitioners claimed as a deduction for taxes paid a total amount of $669.38. Of the amount claimed, the respondent, in determining the deficiency, allowed a total of $322.58, consisting of $120, the full amount claimed as general sales taxes paid; $100.58 of the amount of $104.58 claimed as city income tax paid; and $102 of the amount of $245 claimed as state and local gasoline taxes paid. The parties have stipulated that the amount of $102 allowed by the respondent as gasoline tax and the amount of $100.58 allowed by the respondent as city income tax are correct, and they have further stipulated that the petitioners are not entitled to a claimed deduction of $20 as personal property tax paid. In their return *285 they claimed as a deduction the amount of $179.80 as "extra tax on furn." The respondent disallowed such claimed deduction. In 1968 the petitioners bought a couch and chair at a cost of about $400 on which they paid the Ohio sales tax of 4 percent, or about $16, two occasional chairs for $278 on which they paid sales tax of $11.12, some carpet for about $700 on which they paid sales tax of about $28, and a mink coat on which they paid sales tax of $25.08. During such taxable year the petitioners also paid sales tax of $20 on the purchase of an automobile. Opinion The petitioners claimed a medical deduction of $751.54. The parties stipulated the amount expended for prescription drugs and amounts paid to certain doctors and hosptials. Evidence was presented with respect to other claimed medical expenditures. We have carefully considered such evidence and have found that in addition to the amounts stipulated to by the parties, the petitioners had additional unreimbursed medical expenses of $378, consisting of optical costs and amounts paid to certain other doctors. At the trial there was also testimony that $236 was paid during the taxable year 1968 to Cleveland Clinic Hospital. *286 However, the testimony with respect to this item was unclear and to some extent contradictory. In addition, the petitioner Helen Henry testified that she could not state how much of the $236 item was not compensated for by hospitalization insurance. Under the circumstances, we are not in a position to hold that any portion of the amount of $236 constitutes an allowable medical expense. In their return for the taxable year 1968 the petitioners claimed as a deduction $175 as the cost of safety equipment and gloves expended by petitioner Randall Henry. We have found that he spent as much as that amount for such items. At the trial he testified as to the cost of replacing shirts and pants worn out while performing his duties as a machine operator. Such amounts are in addition to any amounts claimed on the return, and he apparently now seeks to claim an additional deduction on account thereof. It is well established that in order for the expenses of working clothes to be deductible the clothes must be of a type specifically required as a condition of employment and must not be adaptable to general usage as ordinary clothing. See , *287 affirming . It has not been shown that this clothing was either required as a condition of the employment or that it was not adaptable to general usage as ordinary clothing. We accordingly hold that no additional deduction on account thereof is allowable. 226 The petitioners also claimed as a deduction an amount of $364 as cost of uniforms for Helen Henry as a nurse and the cost of laundering the uniforms. We have found as a fact that the amount expended for these purposes was $350. There was also claimed as a deduction an amount of $249 as cost of white shoes and stockings for use by Helen Henry as a nurse. We have found as a fact that the amount expended for such purposes was $222.80. Accordingly, we hold that only the amounts of $350 and $222.80, respectively, are deductible. As set forth in our Findings of Fact, the parties have stipulated with regard to the amount of taxes which the petitioners are entitled to deduct, with the exception of the amount to be deducted for sales taxes paid during the taxable year 1968. In their return there was claimed an amount of $120 as general sales tax, which is the amount computed in accordance with the "Optional *288 State Sales Tax Tables" included in the instructions accompanying Form 1040 for the year 1968, [1] and this amount was allowed by the respondent. Additionally, on their return the petitioners claimed as a deduction the amount of $179.80 as "extra tax on furn." Such amount was disallowed by the respondent. At the trial the petitioners introduced evidence that they had made certain purchases, as set forth in the Findings of Fact, upon which they paid sales taxes totalling about $80. They apparently contend that this amount of sales tax was expended in addition to the amount of $120 of general sales tax claimed and allowed by the respondent. However, we cannot find from the evidence that this is so. All they proved was that they paid about $80. Under the circumstances we cannot find that they are entitled to a deduction greater than conceded by the respondent. In this connection it should be pointed out that at the trial the respondent conceded, by stipulation, that during the taxable year 1968 the petitioners paid sales tax of $20 on the purchase of an automobile. We note that the instructions accompanying Form 1040 for the year 1968 provide that the sales tax paid on the purchase of *289 an automobile should be added to the amount shown in the table. We accordingly construe the stipulation as a concession by the respondent that, in addition to the $120 of sales tax already allowed, the petitioners are also entitled to deduct the amount of $20. Decision will be entered under Rule 50. Footnotes
1. Such instructions provide in part as follows: If you itemize your deductions, you may use these tables to determine the general sales tax to be entered on page 2, Part IV. However, if you are able to establish that you paid an amount larger than that shown, you are entitled to deduct the larger amount. The sales tax paid on the purchase of an automobile should be added to the table amount.↩